UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHEDRICK BOWES-NORTHERN, | ) |
|     Plaintiff, | ) ) ) |
|     v. | )   CAUSE NO. 2:22-cv-42-JPK ) |
| HERMAN PATEL; COUNTY OF PORTER; TOWN OF PORTER; CHRISTOPHER HAMMER; CHOICES HOTEL INTERNATIONAL INC.; TODD ALLEN; COMFORT INN AND SUITES; and THOMAS BLYTHE, | ) ) ) ) ) |
|     Defendants. | ) ) |

**OPINION AND ORDER**

Shedrick Bowes-Northern, proceeding without counsel, filed a complaint alleging that he had been staying at a Comfort Inn and Suites in Porter, Indiana since June 3, 2020, when, on August 25, 2020, he was evicted without notice and without a court order, in violation of federal and state law. Currently before the Court are the following motions: Plaintiff's "Notice Requesting Emergency Hearing For Motions/Motion To Hear Temporary Restraining Order" [DE 63]; Porter County's Motion for Judgment on the Pleadings [DE 79]; Plaintiff's "Motion to Hold Porter County Liable for Prosecutor Violating Due Process" [DE 91]; Town of Porter, Todd Allen, and Thomas Blythe's "Motion For Order That Facts Be Deemed Admitted And Taken As Established" [DE 92]; Porter County's "Motion To Clarify DE 91" [DE 93]; and Plaintiff's "Motion to Establish Legal Residency at Comfort Inn and Suites" [DE 94]. The Court also *sua sponte* has before it Plaintiff's "Response To Defendant Christopher Hammer's Motion To Dismiss" [DE 68]. The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide the above matters pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

Plaintiff filed his original complaint in the Southern District of Indiana, naming as defendants: Herman Patel (the manager of the Comfort Inn and Suites); the County of Porter; the Town of Porter (named as the City of Porter); Porter County Prosecutor Christopher Hammer; and Choices Hotel International. *See* [DE 1 at 4]. In a screening order pursuant to 28 U.S.C. § 1915(e), the district court dismissed as inadequately pled any claims Plaintiff was attempting to raise regarding a racially motivated eviction based on statements allegedly made by Patel at or around the time of eviction. The court held, however, that Plaintiff had pled an adequate claim for violation of his constitutional right to due process based on the alleged unlawful eviction. *See* [DE 4 at 4 (citing *Greene v. Lindsey*, 456 U.S. 444, 456 (1982) (failing to afford adequate notice of eviction proceedings before issuing final order of eviction violated Fourteenth Amendment Due Process Clause)]. The court held that the due process claim was properly asserted against the "state actor" defendants, the County of Porter, the Town of Porter, and Prosecutor Hammer (the latter allegedly gave "the okay" for the police to evict Plaintiff). The court also allowed Plaintiff to proceed against any non-state actor defendants with a state law claim for breach of contract based on an alleged landlord-tenant relationship. The court held that the state law claim could proceed against Patel, who the complaint alleged was the "owner" of the Comfort Inn and Suites. [*Id.* at 5]. The order did not consider whether the same state law claim could be brought against either the Comfort Inn and Suites or Choices Hotel International, because the former had not been named as a defendant and the latter, although named in the case caption, was not the subject of any allegations in the body of the complaint. [*Id.*].

Following entry of the screening order, the case was transferred to this district, whereupon Plaintiff immediately filed an amended complaint. The amended complaint named the original five

2

defendants plus three new ones: Police Officers Thomas Blythe and Todd Allen, and the Comfort Inn and Suites. The factual and legal allegations in the amended complaint are essentially the same as the original complaint, except that the amended complaint separates Plaintiff's claims into eight counts, each alleging a different theory of liability.

## DISCUSSION

### A.    PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF [DE 63]

Plaintiff filed a document titled "Notice Requesting Emergency Hearing For Motions/Motion To Hear Temporary Restraining Order" ("Notice") [DE 63]. The Notice refers to another case in this district, which Plaintiff filed against the Porter County Sheriff's Department, the Porter County Clerk's Office, Porter County Prosecutor Gary Germann, and a second individual named LaTesha Williams. *See Bowes-Northern v. Porter County,* No. 2:22-cv-41-JTM-JPK.[1] The 41 Case was dismissed without prejudice for failure to prosecute on May 16, 2023, but involved a custody/visitation dispute unrelated to the eviction at issue here. The Notice in this case asserts that the government defendants in the 41 Case "have political ties with" Defendants Porter County and Christopher Hammer in this case, and that, "[i]n retaliation … for [filing] this lawsuit against the defendants, Plaintiff has been targeted for exercising his constitutional rights." [DE 63 at 1]. Plaintiff seeks a temporary restraining order "to stop the harassment." [*Id.*]. Defendant Porter County filed an "Objection" to the "Notice," arguing that "it is unclear as to what Plaintiff is seeking or which Motions he is referring to due to his complete failure to comply with the Federal Rules of Civil Procedure." [DE 64].

---

[1] The Court notes that Plaintiff has filed numerous pro se complaints with this Court as of the date of this Opinion and Order, including the following: 2:21-cv-85-PPS-APR; 2:21-cv-88-PPS-JPK; 2:21-cv-195-TLS-JPK; 2:21-cv-242-JTM-JEM; 2:21-cv-287-TLS-JPK; 2:21-cv-315-JVB-JEM; 2:21-cv-329-PPS-JEM; 2:21-cv-331-TLS-JEM; 2:22-cv-41-JTM-JPK; 2:22-cv-46-JVB-JPK; 2:22-cv-120-HAB-JPK; 2-22-cv-201-JD-JEM; 3:21-cv-803-JD-MGG.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Doe v. Univ. of S. Ind.,* 43 F.4th 784, 791 (7th Cir. 2022) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).[2] Here, Plaintiff has not met his burden of showing entitlement to preliminary injunctive relief. That is, he offers nothing to show that he is likely to succeed on the merits of his claims, that the balance of equities tip in his favor, or that the injunction he seeks—"to stop the harassment against [him]"—is in the public interest. *See* Fed. R. Civ. P. 65. Plaintiff does not explain what he means when he asserts he is being harassed or retaliated against, and his vague references to being "targeted" and the subject of "a series of retaliatory actions" [DE 63 at 1] are insufficient. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (a preliminary injunction should not be granted unless the movant, "*by a clear showing*, carries the burden of persuasion" (internal quotation marks and citation omitted; emphasis added by Court); *Mote v. F.B.I.,* No. 07-1191, 2007 WL 4592080, at *3 (C.D. Ill. Dec. 28, 2007) ("Plaintiff's request for an injunction that the FBI stop 'saying [he] is an informant' is too vague and broad to be enforceable." (citing Rule 65(d) and *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 646 (7th Cir. 2002) (Rule 65(d) "requires that any injunction ... be detailed and specific....")))

Further, while Plaintiff asserts that he will "suffer immediate and irreparable harm" if a temporary restraining order is not granted, it is not clear how the harms he describes in the "Notice"[3] have any relation to the alleged harassment or retaliation.

Plaintiff's request for preliminary injunctive relief is defective in other ways as well. A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over

---

[2] The standard for a temporary restraining order is the same as for a preliminary injunction. *YourNetDating, Inc. v. Mitchell,* 88 F. Supp. 2d 870, 871 (N.D. Ill. 2000).

[3] Due to the personal nature of the asserted "harms"—which led to the Court placing the Notice under seal—the Court will not go into any detail regarding what they are.

the parties and subject matter jurisdiction over the lawsuit. *See* 11A C. Wright, A. Miller & M. Kane, FED. PRAC. & PROC. Civ. § 2956 (3d ed. 2023) (stating that "[a] court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction"); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party[.]"). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

It is not at all clear from the motion that Plaintiff is contending that any defendant in this case has retaliated against him. In fact, Plaintiff's allegation appears to be that persons not a party to this case are the individuals who are harassing him. There are no allegations that any defendant in this case has directed, or is otherwise responsible for, the alleged retaliation. To the extent that Plaintiff seeks relief against persons or entities who are not before the Court, he has not shown that the Court has both personal jurisdiction and subject matter jurisdiction to issue that relief. Moreover, this case concerns Plaintiff's eviction from the Comfort Inn and Suites, and the allegations of retaliation in the "Notice" do not appear to be related to that claim. Plaintiff has not sought to amend his complaint to add a claim for harassment and/or retaliation. There simply is no basis in the record for the Court to grant the injunctive relief sought by the "Notice."

### B. Plaintiff's "Response" To A Purported Motion To Dismiss Filed By Hammer [DE 68]

Plaintiff has filed a document titled "Response To Defendant Christopher Hammer Motion To Dismiss." [DE 68]. The filing states that it is a response brief to a motion to dismiss filed by Defendant Hammer. *See* [*id.* at 1 ("Defendant Christopher Hammer has moved to dismiss claims against him in Plaintiff's complaint.")]. But there is no motion to dismiss filed by Hammer on the docket of this case. Plaintiff instead appears to be responding to affirmative defenses alleged in Hammer's answer. *See* [*id.* ("Mr. Hammer's affirmative defenses are … frivolous")]. In other words, Plaintiff's document constitutes a reply to Defendant Hammer's answer. A "reply" to an answer is allowed under the federal rules only if ordered by the court. *See* Fed. R. Civ. P. 7(a)(7). Accordingly, the Court *sua sponte* **ORDERS** that DE 68 be **STRICKEN**. Plaintiff remains free to make any arguments or raise any issues regarding Defendant Hammer's affirmative defenses in a properly filed motion or in response to any motion, as appropriate.

### C. Porter County's Motion for Judgment on the Pleadings; Plaintiff's "Motion To Hold Porter County Liable For Prosecutor Violating Due Process"; and Porter County's "Motion To Clarify DE 91" [DE 79, 91, 93]

Porter County is named as a defendant in three counts of the amended complaint: Count 1 (Denial of Due Process); Count 3 (Violation of Indiana Executive Orders regarding COVID-19); Count 8 (Intentional Infliction of Emotional Distress). On January 10, 2023, Porter County filed a motion for judgment on the pleadings [DE 79], in which it argued that: Count 1 was barred by *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978); Count 3 failed to state a legally cognizable claim because an executive order issued by the Governor of Indiana does not give rise to a private cause of action; and Count 8 was barred by Plaintiff's failure to comply with the notice requirement of the Indiana Tort Claim Act, Ind. Code § 34-13-3-8. [DE 80].

6

Porter County filed a Notice to Pro Se Litigant simultaneous with filing its motion for judgment on the pleadings. [DE 81]. Following Porter County's filing, Plaintiff failed to appear at two status conferences in a row, apparently due to the fact that he was in custody. *See* [DE 84, 87]. The deadline under the local rules for Plaintiff to have filed a response in opposition to Porter County's motion for judgment on the pleadings had long passed by the time of the second conference. But Porter County was ordered to file a status report indicating whether Plaintiff remained in custody and whether he had received service of the motion for judgment on the pleadings. [DE 87]. On April 12, 2023, Porter County reported that its counsel sent Plaintiff an email and received a response from Plaintiff on March 24, 2023, indicating that Plaintiff was no longer in custody. Plaintiff did not respond, however, to counsel's request in the email to confirm receipt of service of the motion for judgment on the pleadings. In any event, counsel attached a duplicate copy of the motion to his email to Plaintiff. [DE 88]. Plaintiff then appeared at a status conference on May 4, 2023, at which time the Court confirmed that he had received Porter County's motion for judgment on the pleadings and granted him an extension to file a response in opposition to May 18, 2023. *See* [DE 90].

On May 8, 2023, Plaintiff filed a document titled "Motion To Hold Porter County Liable For Prosecutor Violating Due Process." [DE 91]. On its face, the document appears to be Plaintiff's response in opposition to Porter County's motion for judgment on the pleadings. Plaintiff argues in the filing that his due process rights were violated by the actions of Porter County Prosecutor Hammer, and that Porter County is "vicariously liable for the prosecutor's actions," which allegedly "were taken within the scope of his employment." [DE 91]. Plaintiff also argues "that the actions of the prosecutor were caused by a policy, practice, or custom of Porter County," and, "[a]s such, Porter County may be held liable for the prosecutor's actions under the doctrine of

7

municipal liability." [*Id.*]. Apparently because Plaintiff's document was filed as and titled a "motion," Porter County filed a document asking that the Court clarify whether Plaintiff's "Motion To Hold Porter County Liable For Prosecutor Violating Due Process" [DE 91] is a separate motion or a brief in response to Porter County's motion for judgment on the pleadings. *See* [DE 93].[4] The Court finds that clarification is unnecessary as Plaintiff's filing is clearly a response to Porter County's motion for judgment on Count 1 of the pleadings. Porter County's clarification motion requests that, if the Court construes DE 91 as a response brief, Porter County be granted additional time to file a reply. *See* [DE 93 at 2]. But the Court finds a reply is unnecessary, as DE 91 fails to raise even an arguable basis for denying the motion for judgment on the pleadings, as discussed below.[5]

In determining a motion for judgment on the pleadings, the Court employs the same standard as when determining a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). The Court construes the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all plausible inferences in his favor. *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 862 (7th Cir. 2016); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true,

---

[4] Porter County's "motion to clarify" itself is confusing, as it was filed on the docket as a "Response to DE 91," when in fact it is a motion asking for relief from the Court.

[5] Porter County is not prejudiced by the Court's decision to treat DE 91 as a response to the motion for judgment on the pleadings without allowing a late-filed reply because the Court rules in favor of Porter County on its motion for judgment on the pleadings, as discussed above. Plaintiff also is not prejudiced by the Court's treatment of DE 91. If the Court were to treat DE 91 as a separate motion instead of a response brief, it would have to find that Plaintiff defaulted on the motion for judgment on the pleadings by failing to file a response in opposition by the extended deadline. *See* N.D. Ind. L. R. 7-1(d)(5). In other words, regardless of how the Court construes DE 91, Porter County prevails on its motion for judgment on the pleadings.

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*, 550 U.S. at 570). Courts give the allegations of a pro se party a liberal reading. *Greer v. Bd. of Educ. of City of Chi., Ill.*, 267 F.3d 723, 727 (7th Cir. 2001). "The 'essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable.' However, a lawsuit is not a game of hunt the peanut," and "district courts are 'not obliged in our adversary system to scour 'the record for factual disputes.'" *Id.* (citations omitted). "Although pro se pleadings are viewed less stringently, a [party] who chooses to proceed pro se must comply with the applicable substantive and procedural rules of law." *Dorsch v. Comm'r*, 46 F.3d 1133 (7th Cir. 1994) (unpublished). Thus, Plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not analogous to a "probability requirement," but it does ask "for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks, brackets, and citation omitted).

  As an initial matter, Plaintiff's only filing, DE 91, makes no argument as to Counts 3 and 8 of the Amended Complaint. Accordingly, the Court finds that Porter County is entitled to judgment on the pleadings as to those Counts. Porter County has set forth a legally sufficient basis for finding that Counts 3 and 8 do not allege facts that give rise to a right to relief above the speculative level, which has gone unchallenged by Plaintiff. Failure to respond to an argument in a response brief results in waiver. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). Porter County's arguments on these counts may be disputable, but if so, it is Plaintiff's duty to

9

explain why, and he did not do so. *See Tomsheck v. Town of Long Beach,* No. 3:17-CV-120 JD, 2019 WL 3778690, at *3 (N.D. Ind. Aug. 12, 2019); *see also G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("The obligation to raise the relevant arguments rests squarely with the parties ... If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.").

Second, the Court finds that Plaintiff's arguments for holding Porter County liable for the state prosecutor's alleged due process violations fail as a matter of law. Plaintiff's vicarious liability theory is contrary to *Monell*, which held that municipalities cannot be held vicariously liable for the constitutional violations of its employees. *See Monell*, 436 U.S. at 691 ("[W]e conclude that a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."). Instead, a government entity can be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," that is, where an "official policy [is] the moving force of the constitutional violation." *Id.* at 694. Plaintiff attempts to fit within this rule by asserting in DE 91 that "the actions of the prosecutor were caused by a policy, practice, or custom of Porter County, which condones or permits the violation of constitutional rights of individuals within its jurisdiction." But these allegations do not appear in the amended complaint, and it is well established that a pleading cannot be amended by the brief in opposition to a motion. *See Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) (holding that "[a] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment"); *Car*

*Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984) (holding that it is "axiomatic" that a complaint may not be amended by a brief in opposition to a motion to dismiss).

The Seventh Circuit has recently held "that district courts retain discretion to interpret new factual allegations or claims presented in a plaintiff's briefs as a constructive motion to amend." *Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 488 (7th Cir. 2023). However, the court explained that it "will rarely be appropriate to do so," and that, when presented with a constructive motion to amend, the court "should apply the familiar standards governing when leave to amend should be granted, paying particular attention to the potential for prejudice to other parties." *Id.* at 490. The court can deny a motion for leave to amend where the pleading is futile. *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002). An amendment is futile when it could not withstand a motion to dismiss. *See Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992). Here, amendment would be futile because the allegations in DE 91 are conclusory and fail to state a *Monell* claim that could survive a motion to dismiss.

"For a *Monell* claim to survive a motion to dismiss, a plaintiff *must plead facts that plausibly suggest* that: (1) [he] was deprived of a constitutional right; (2) the deprivation can be traced to some municipal action (i.e., a policy or custom), such that the challenged conduct is properly attributable to the municipality itself; (3) the policy or custom demonstrates municipal fault, i.e., deliberate indifference; and (4) the municipal action was the moving force behind the federal-rights violation." *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023) (internal quotation marks and citations omitted) (emphasis added). "All requirements must be scrupulously applied to avoid a claim for municipal liability backsliding into an impermissible claim for vicarious liability." *Id.* (internal quotation marks and citation omitted). Plaintiff's "*Monell* claim unravels at its second step. Three types of municipal action support *Monell* liability:

(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* (internal quotation marks and citation omitted). Plaintiff does not allege facts showing any of these things. To the extent that Plaintiff is attempting to assert an uncodified common practice of violating the due process rights of persons evicted from a hotel, he must allege facts permitting a reasonable inference "that the practice is widespread and that the specific violations complained of were not isolated incidents." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Plaintiff offers no examples of other similar incidents and thus has not plausibly suggested that Porter County has a widespread practice of unconstitutional evictions. *See Thomas,* 74 F.4th at 524; *see also Gill*, 850 F.3d at 344 (holding that the complaint fails to "provide examples of other Milwaukee police officers taking actions similar to those complained of here," and, "[m]ore importantly, it does not plausibly allege that such examples exist").

Given that Plaintiff has had two opportunities to amend the complaint to allege a plausible *Monell* claim (the amended complaint and the constructive amendment offered in Plaintiff's "Motion To Hold Porter County Liable For Prosecutor Violating Due Process") and has failed to do so, the Court declines to *sua sponte* allow a third attempt and dismisses the *Monell* claim against Porter County with prejudice. *See Faulkner v. Loftus,* No. 16 CV 02432, 2018 WL 11181980, at *14 (N.D. Ill. Mar. 30, 2018) (acknowledging that the court "must construe pro se complaints liberally and allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim," citing *Kaba v. Stepp,* 458 F.3d 678, 687 (7th Cir. 2006), yet holding that the plaintiff "has run out of chances" and dismissing complaint with prejudice), *aff'd,* 775 F. App'x 245 (7th Cir. 2019); *see also Griffin v. Milwaukee Cnty.,* 369

F. App'x 741, 742-43 (7th Cir. 2010) (affirming dismissal with prejudice of pro se plaintiffs' complaint after plaintiffs had been given opportunity to amend twice) (non-precedential disposition). The Court finds dismissal with prejudice appropriate for the additional reason that, pursuant to the Court's scheduling order [DE 62], discovery closed on May 23, 2023, and Plaintiff has not shown he can satisfy Fed. R. Civ. P. 16(b)'s "good cause" standard to reopen discovery which would be necessary if the Court were to allow him to amend his complaint. *See Smith v. Wilkie*, No. 1:19-CV-04096-JMS-MJD, 2021 WL 456738, at *2 (S.D. Ind. Jan. 15, 2021) (denying pro se plaintiff leave to amend outside the Rule 16 deadline where the plaintiff did not exercise diligence in seeking to amend his complaint).

### D.  TOWN OF PORTER, THOMAS BLYTHE AND TODD ALLEN'S MOTION FOR AN ORDER THAT FACTS BE DEEMED ADMITTED, AND PLAINTIFF'S "MOTION TO ESTABLISH LEGAL RESIDENCY AT COMFORT INN AND SUITES" [DE 92, 94]

The final issue before the Court is whether to deem admitted the Requests for Admission served on Plaintiff by Defendants Town of Porter, Thomas Blythe, and Todd Allen based on Plaintiff's failure to respond to those requests. *See* [DE 92]. According to the Town of Porter, Blythe, and Allen, Plaintiff's response to their Requests for Admission was due on or about January 2, 2023, but has never been served. The discovery request in question asks Plaintiff to "[a]dmit that on August 25, 2020, you were not a tenant of the Comfort Inn and Suites located at 1800 W. U.S. Highway 20, in Porter, Indiana." [*Id.* at 3].

Federal Rule of Civil Procedure 36(a) states that if a party fails to respond to a request for an admission within 30 days, the matter is deemed to be admitted. Fed. R. Civ. P. 36(a); *see Nelson v. Wal-Mart, Inc.,* 63 F. App'x 920, 922 (7th Cir. 2003) (citing cases). It further provides that any matter deemed admitted is conclusively established, "unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). The Seventh Circuit has held

13

that if a party does "not file a motion to withdraw or amend his admissions, … Rule 36(b) *require[s]* the district court … to consider the matter conclusively established." *Nelson*, 63 F. App'x at 923 (emphasis added).

On May 26, 2023, Plaintiff filed a document titled "Motion To Establish Legal Residency at Comfort Inn and Suites." [DE 94]. The motion presents facts to support Plaintiff's legal argument that he was a resident of Comfort Inn and Suites during the relevant time period such that the law required that he be formally evicted under the legal rules applicable to "tenants" in an eviction proceeding. The Court construes Plaintiff's "Motion" liberally as encompassing a request to withdraw his deemed admission under Rule 36(b), since a ruling in Plaintiff's favor on his "Motion" would necessarily have that result. "Withdrawal or amendment may be appropriate if the presentation of the merits of the action will be subserved thereby, and if it will not prejudice the party who obtained the admission." *Nelson*, 63 F. App'x at 923 (internal quotation marks and citation omitted).

The request to admit at issue does not seek an admission as to the facts that underly the question of whether Plaintiff had a "tenant-landlord" relationship with Comfort Inn and Suites, presumably the issue that would determine whether formal eviction proceedings were required to remove Plaintiff from his room at the Comfort Inn and Suites. Rather, Town of Porter, Blythe, and Allen are asking the Court to deem Plaintiff to have admitted a legal conclusion, not a factual question for which requests to admit are appropriate. *See Reitz v. Creighton*, No. 15 C 1854, 2019 WL 5798680, at *2 (N.D. Ill. Nov. 7, 2019) ("Properly used, requests to admit serve the expedient purpose of eliminating the necessity of proving at trial essentially undisputed issues of fact."). As a result, it makes more sense to resolve that issue on the basis of the underlying facts and applicable law, rather than on the basis of a deemed admission under Rule 36(b), especially given Plaintiff's

14

pro se status. *See, e.g., id.* at *4 (denying motion to deem requests to admit admitted where "[t]he matters sought to be admitted involved the core issues in the case"); *Gurshin v. Bank of Am. Nat'l Ass'n,* No. 2:15-CV-323-GMN-VCF, 2017 WL 68650, at *2 (D. Nev. Jan. 5, 2017) ("Although the rule permits a party to ask another party to admit the truth of the application of law to facts, requests for admission should not be used to demand that the other party admit the truth of a legal conclusion."). If the law does not support the legal argument that the moving Defendants apparently intend to raise--i.e., that Plaintiff did not have a landlord-tenant relationship with the Comfort Inn and Suites—then justice would not be served by enforcing a deemed legal admission on Plaintiff. And if the law does support the moving Defendants' legal theory, then they will suffer no prejudice by the Court construing Plaintiff's "Motion" as a motion to withdraw his deemed admission and allowing it. The moving Defendants remain free to move for summary judgment on the issue of whether Plaintiff was a tenant of the Comfort Inn and Suites such that legal eviction proceedings were required.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff's "Notice Requesting Emergency Hearing For Motions/Motion To Hear Temporary Restraining Order" **[DE 63]** is **DENIED**.

2. Plaintiff's "Response To Defendant Christopher Hammer's Motion To Dismiss" **[DE 68]** is **STRICKEN**.

3. Plaintiff's "Motion to Hold Porter County Liable for Prosecutor Violating Due Process" **[DE 91]** is **DENIED**.

4. Defendant Porter County's "Motion To Clarify DE 91" **[DE 93]** is **DENIED AS MOOT**.

5.  Defendant County of Porter's Motion for Judgment on the Pleadings **[DE 79]** is **GRANTED**, and Plaintiff's claims against County of Porter are dismissed with prejudice.

6.  Defendants Town of Porter, Todd Allen, and Thomas Blythe's "Motion For Order That Facts Be Deemed Admitted And Taken As Established" **[92]** is **DENIED** without prejudice to raising legal arguments concerning Plaintiff's status as a tenant and the statutory requirements for evicting him from the Comfort Inn and Suites in future proceedings in this case.

7.  Plaintiff's "Motion to Establish Legal Residency at Comfort Inn and Suites" **[DE 94]** is **DENIED** without prejudice to raising legal arguments concerning his status as a tenant and the statutory requirements for evicting him from the Comfort Inn and Suites in future proceedings in this case.

8.  Given that discovery has closed, the Court intends to set a deadline for dispositive motions to be filed. Plaintiff and the remaining Defendants should be prepared to discuss that issue at a telephonic status conference, which the Court will set by separate order.[6]

So ORDERED this 26th day of September, 2023.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

---

[6] One final matter that should be addressed are the emails received by the Court from Plaintiff asking to file documents by email. As an initial matter, requests for relief from the Court should be made on the docket by filing a motion. As to the request in Plaintiff's emails, the Court must adhere to the Local Rules and the CM/ECF Civil and Criminal User Manual, which do not provide for filing by email. For the most part, papers must be filed electronically with the CM/ECF system, N.D. Ind. L.R. 5-1, except pro se litigants must file papers "conventionally," which means by presenting the filing to the Clerk in paper or other non-electronic tangible format. *See* N.D. Ind., CM/ECF Civil and Criminal User Manual, Section III, A, 3 (available at *www.innd.uscourts.gov/CM/ECFManualsandGuides*). While Plaintiff has given reasons why he cannot appear in person at the Clerk's office to hand deliver papers for filing, he can still file conventionally by mailing the papers to the Clerk's office. Plaintiff is cautioned that mailing must be done sufficiently in advance for the Clerk's office to receive the papers by the filing deadline where one is applicable. *See* Fed. R. Civ. P. 5(d)(2)(A) (filing of papers is complete upon their *receipt* by the clerk)).