**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| SHEDRICK BOWES-NORTHERN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:22-cv-42 |
| HERMAN PATEL, *et al.*, | ) ) ) | |
| Defendants. | | |

**OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss for Failure to State a Claim [DE 135] and the Cross Motions for Summary Judgment [DE 141; DE 159], filed by the defendants, Herman Patel, Town of Porter, Christopher Hammer, Choices International Hotel Inc, Todd Allen, Comfort Inn and Suites, and Thomas Blythe. Plaintiff Shedrick Bowes-Northern has replied to all of Defendants' motions and has received notice of the filings. [See DE 151; DE 180]. Accordingly, the court will treat the Motion to Dismiss [DE 135] as a Motion for Summary Judgment. Fed. R. Civ. P. 12(d). For the following reasons, Summary Judgment is **GRANTED,** and this case is **CLOSED**.

*Undisputed Material Facts*

The plaintiff, Shedrick Bowes-Northern, filed a *pro se* complaint on December 10, 2021, against Choices International Hotels Inc., Comfort Inn and Suites, and Herman Patel, the City of Porter, the County of Porter, and Christopher Hammer. In his complaint, Plaintiff alleges that he was "illegally evicted from Comfort Inn and Suites" "by Porter police department [during the COVID-19] Pandemic." [DE 1 at 7]. Presently, the named defendants are Choices International

Hotels Inc., Comfort Inn and Suites, Herman Patel, Town of Porter, Christopher Hammer, Thomas Blythe, and Todd Allen. [DE 34; DE 97 (dismissing Porter County as a defendant)].

Plaintiff amended his complaint [DE 34] on February 24, 2022 to claim 8 counts alleging the following: 1) a violation of his Fourteenth Amendment Due Process rights; 2) wrongful eviction in violation of Indiana Code ("I.C.") § 32-31-5-6; 3) violation of Indiana Executive Orders 20-18 and 20-38; 4) professional misconduct; 5) Title 42 Chapter 45 Fair Housing discrimination; 6) breach of contract; 7) defamation; and 8) negligence. [DE 34].

In his amended complaint, Plaintiff provides a nondescript chronology of events, ultimately culminating with him being "illegally evicted" from the Comfort Inn and Suites in Porter, Indiana, by the Porter Police Department on August 25, 2020.[1] [DE 34]. Plaintiff states that he was staying at the Comfort Inn and Suites from June 3, 2020 to August 25, 2020. [DE 34; DE 131]. Plaintiff claims that he called the "Indiana legal service," and the organization's paralegal advised Plaintiff that he could not be evicted without a Porter County court eviction notice. [DE 34]. Plaintiff then alleges that the Comfort Inn and Suites summoned the police. The Porter police assistant chief, Todd Allen, arrived at the hotel and then called the Porter County Prosecutor, Christopher Hammer, who gave Allen "the ok to evict the Plaintiff illegally." [DE 34 at 3]. Plaintiff maintains that he was staying at the Comfort Inn and Suites due to domestic violence and that he could not find a more permanent place to stay given the COVID-19 Pandemic. During the encounter with the police, Plaintiff told them that he could not be evicted without a court order. This prompted Allen's call to Hammer, who stated that the Indiana Code to which Plaintiff cited did not apply to hotels. [DE 34]. Plaintiff also claims that the "the owner of Comfort Inn," Herman Patel, said that "Black Americans don't like working and are lazy." [DE 34 at 4].

---

[1] August 25, 2020 is a date encompassed by the global COVID-19 pandemic.

The defendants filed the instant motions moving for summary judgment consistent with Federal Rule of Civil Procedure 56 and N.D. Ind. L.R. 7-1 and 56-1. Plaintiff responded in opposition [DE 151; DE 180]. Plaintiff's ultimate response was filed on November 20, 2024, nearly 4 months after the deadline to respond. More notably, Plaintiff's responses did not identify any disputed facts material to the outcome of this case. It is noted that Plaintiff states he was staying at the Comfort Inn and Suites from June to August. [DE 34]. In motions submitted by the defendants, it is stated that Plaintiff was at the hotel for ten days. [DE 141; DE 159]. While this fact is disputed, it is not material. Under Indiana law, Plaintiff was a hotel guest and not a tenant, regardless of the duration of his stay.[2] I.C. § 32-31-2.9-4(4) ("the residential landlord-tenant statutes do not apply to any of the following arrangements unless the arrangement was created to avoid application of the residential landlord-tenant statutes: … transient occupancy in a hotel, motel, or other lodging"); I.C. § 32-31-3-10; I.C. § 8-15-3-8; I.C. § 32-33-7-1.

Defendants Choices International Hotels, Inc., Comfort Inn and Suites, and Herman Patel will hereinafter be referred to as "Hotel Defendants." Defendants City of Porter, Thomas Blythe, Todd Allen will hereinafter be referred to as "Porter Defendants." Defendant Christopher Hammer will be referred to as such.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

---

[2] Plaintiff cites to two cases in his amended complaint while arguing that he was a tenant and not a hotel guest. Plaintiff first cites to *Rocoff v. Lancella* and argues that the case considers an individual's intent while determining if that individual is a hotel guest or a tenant. Plaintiff mischaracterizes the case. In *Rocoff*, the court states that it could be difficult to determine an individual's status. But in that case, there were insufficient facts, and the court was bound by the jury's determination. *Rocoff v. Lancella*, 251 N.E.2d 582, 584 (Ind. Ct. App. 1969). The court also referenced many other cases where the status of a patron was determined by the terms of the contract and not length of stay. Here, there was no contract in place outlining Plaintiff as a tenant—or anything other than a hotel guest. The other case that Plaintiff cites to is *Swanson v. Olsen*, 317 N.E.2d 841 (Ind. Ct. App. 1974). Defendants claimed that this case did not exist. After due diligence, this Court confirms that there is no case titled "Swanson v. Olsen" or at that citation.

*Discussion*

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper only if the movant has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Gnutek v. Illinois Gaming Bd.*, 80 F.4th 820, 824 (7th Cir. 2023); *Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 430 (7th Cir. 2014); *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012). A fact is material if it is outcome determinative under applicable law. The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021).

When the movant has met its burden, the opposing party cannot rely solely on the allegations in the pleadings but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in [her] favor." *Marr v. Bank of Am., N.A.*, 662 F.3d 963, 966 (7th Cir. 2011); *see also Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.")). The non-moving party cannot rely on conclusory allegations. *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 934 (7th Cir. 2021). Failure to prove an essential element of the alleged activity will render other facts immaterial. *Celotex*, 477 U.S. at 323; *Filippo v. Lee Publications, Inc.*, 485 F. Supp. 2d 969, 972 (N.D. Ind. 2007) (the non-moving party "must do more than raise some metaphysical doubt as to the material facts; she must come forward with specific facts showing a genuine issue for trial").

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). The trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial. *Anderson*, 477 U.S. at 248; *Cung Hnin v. Toa, LLC*, 751 F.3d 499, 504 (7th Cir. 2014); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

In diversity actions, federal courts apply state substantive law. *Wachovia Securities, LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751 (7th Cir. 2012), *citing Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Indiana law, Plaintiff was a hotel guest and not a tenant. *Rocoff v. Lancella*, 251 N.E.2d 582, 584 (Ind. Ct. App. 1969);[3] I.C. § 32-31-2.9-4(4); I.C. § 32-31-3-10; I.C. § 8-15-3-8; I.C. § 32-33-7-1.

 Consequently, any claims rooted in Plaintiff's assertion that he was a tenant are not viable. It is undisputed that Plaintiff stopped paying for his hotel room [Def. Ex. A at 01:12-01:41; Def. Ex. B ¶ 4; DE 136 at 5] and was delinquent approximately $537 dollars. [DE 159-1]. Representatives of Comfort Inn and Suites even told Plaintiff that he could remain on the premises if he made <u>some</u> contribution towards his balance. [Def. Ex. A at 01:17-01:25]. Therefore, Plaintiff cannot recover on Count 2, Count 3, Count 5, or Count 6. For purposes of clarity, this Court will nonetheless discuss these claims in their entirety.

---

[3] "The operation and management of the property as a motel under a license from the state and its advertising as a motel by the display of a highway sign afford a proper basis for the inference that the patron of the establishment is a guest. *Marden v. Radford*, [229 Mo.App. 789]. One who maintains a motel for the purpose of furnishing lodging accommodations to the public sustains to his occupants the relation of innkeeper." Rocoff v. Lancella, 251 N.E.2d 582, 584 (Ind. Ct. App. 1969).

**A. Count 1**

To prevail on a due process claim brought under 42 U.S.C. § 1983, a plaintiff must establish that the defendant deprived him of a constitutionally secured right and that the defendant was acting under the color of state law. *J.H. ex. rel. Higgin v. Johnson*, 346 F.3d 788, 791 (7th Cir. 2003); *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In *Johnson*, the Seventh Circuit held that a plaintiff must prove his injury and that the state actors "knew of or suspected the specific risk facing plaintiffs and consciously ignored it or failed to stop the abuse once it was discovered." *Johnson*, 346 F.3d at 792 (quoting *Lewis v. Anderson*, 308 F.3d 768, 773 (7th Cir. 2002)). Here, Plaintiff argues that Defendant Hammer and the Porter Defendants violated his constitutional rights because he was entitled to an eviction notice and procedures. Plaintiff, under Indiana law, was not entitled to eviction rights because he was not, in fact, a tenant. Therefore, Plaintiff has not demonstrated that Defendant Hammer or the Porter Defendants violated his constitutional rights.

Plaintiff cannot show that Defendant Hammer or the Porter Defendants violated his due process rights. Under the Fourteenth Amendment, a person cannot be deprived of life, liberty, or property without the due process of law. To establish a due process violation, a plaintiff must demonstrate: 1) a protected property or liberty interest, and 2) that the plaintiff was deprived of that interest by government action without due process of law. *Baja Contractors, Inc. v. Chicago*, 830 F.2d 667, 676 (7th Cir. 1987). Plaintiff asserts his due process right to property was violated because he was not afforded eviction procedures after he was asked to leave the hotel. Again, Plaintiff was a hotel guest and not a tenant, so he was not entitled to eviction procedures and his property interest was not violated. *See also* I.C. § 32-31-2.9-4(4); I.C. § 32-31-3-10; I.C. § 32-33-7-1.

Indiana landlord-tenant statutes do not apply to "transient occupancy in a hotel, motel, or

other lodging." I.C. **§** 32-31-2.9-4(4). The Indiana statute defines a "tenant" as a person who occupies a rental unit 1) for residential purposes; 2) with the landlord's consent; and 3) for consideration that is agreed upon by both parties. I.C. § 32-31-3-10. The second and third requirements were not met because, even if the hotel was acting as the landlord, there was no consent to act as a landlord nor was there agreed upon consideration. The undisputed facts established that the Comfort Inn and Suites was acting as and holding itself out as a hotel. [Def. Ex. A at 00:49-03:49]. Because Plaintiff was staying at a hotel as a guest and does not meet the qualities of a tenant as required by Indiana statute, he was not a tenant due tenant rights and cannot recover on Count 1.

### B. Count 2

Plaintiff claims that Hotel Defendants violated I.C. § 32-31-5-6 by "interfering with unit entry, access, possession, and essential services." [DE 34 at 6]. As previously mentioned, Plaintiff was not a tenant and had no rights protected Indiana Code Title 32, which does not pertain to hotel guests.

Plaintiff was a guest at the Comfort Inn and Suites who was delinquent on his bill. [Def. Ex. A at 01:17-01:20]. He was not "wrongfully evicted" and was not owed a judicial notice for eviction. Plaintiff had not paid his bill, so Comfort Inn and Suites had a right to ask him to leave. *Olsen v. State*, 663 N.E.2d 1194, 1195 (Ind. Ct. App. 1996) (holding that the statute for criminal trespass applies to a hotel guest who does not have a contractual interest in the real property and intentionally refuses to leave the real property).

### C. Count 3

The Indiana Court of Appeals held that Governor Holcomb's Executive Orders during the COVID-19 pandemic do not create a private cause of action. *Reinoehl v. St. Joseph County Health*

*Department*, 181 N.E.3d 341, 356 (Ind. Ct. App. 2021). In *Reinoehl*, parents of disabled children sued the county health department during COVID-19 arguing the department's actions violated Governor Holcomb's Executive Order 20-02. *Id.* at 356. The Indiana Court of Appeals cited to *LTV Steel Co. v. Griffin*, holding that private parties cannot enforce rights under statutes generally protecting the public with "a comprehensive enforcement mechanism." *LTV Steel Co. v. Griffin*, 730 N.E.2d 1251, 1260 (Ind. 2000). Here, Plaintiff is suing under the same Executive Order 20-02, and the state courts have held that there is no private cause of action. Therefore, Plaintiff cannot recover on Count 3.

### D. Count 4

Plaintiff claims that Defendant Hammer violated the Indiana Rules of Professional Conduct when he advised Chief Allen that hotel guests did not enjoy eviction rights like tenants. [DE 34 at 8]. Defendant Hammer's statement to Chief Allen conforms with Indiana law and case precedent that hotel guests do not have eviction rights. [Def. Ex. A at 17:18-19:33]. Additionally, Indiana's Rules of Professional Conduct do not create a cause of action for civil liability. *Liggett v. Young*, 877 N.E.2d 178, 182 (Ind. 2007). Therefore, Plaintiff cannot recover on Count IV.

### E. Count 5

The Fair Housing Act ("FHA"), 42 U.S.C. § 3631, provides remedies for discrimination in housing transactions. *Tex. Dept. of Hous. and Cmty. Affs. v. Inclusive Comtys. Project, Inc. et al.*, 576 U.S. 519, 520 (2015); *East-Miller v. Lake Cnty. Highway Dept.*, 421 F.3d 558, 562 (2005). To prevail on a FHA claim, a plaintiff must demonstrate that 1) he is a protected individual under the FHA, 2) he was engaged in the exercise of his fair housing rights, 3) the defendant was motivated in part by an intent to discriminate, and 4) the defendant coerced, threatened, intimidated, or interfered with the plaintiff on account of his protected activity under the FHA. *Id*

at 563. Plaintiff was not considered a tenant under Indiana law, so the FHA affords him no protection. *See Schneider v. Cnty. of Will*, 190 F.Supp.2d 1082, 1087 (N.D.Ill. 2002) (where the court held a bed and breakfast did not fall within the FHA's definition of "dwelling").[4] Accordingly, Plaintiff cannot recover on Count 5.

### F. Count 6

To prevail on a breach of contract claim, a plaintiff must show that a contract existed, the defendant breached the contract, and the plaintiff suffered damages as a result of the defendant's breach. *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007). Here, Plaintiff claims that the Hotel Defendants breached a "rental agreement." There was no tenant rental agreement in place. In fact, Plaintiff had not paid for his hotel room, thereby breaching his obligations under the purchase contract <u>he</u> entered into with Comfort Inn and Suites. [DE 136 at 5].

### G. Count 7

Next, Plaintiff claims that Defendant Patel defamed him by stating that "Black Americans don't like working and are lazy." [DE 34 at 4]. A defamation action requires a plaintiff to show: 1) defamatory imputation; 2) malice; 3) publication; and 4) damages. *Schrader v. Eli Lilly & Co.*, 639 N.E.2d 258, 261 (Ind. 1994). Specifically, for a racial slur to be defamatory, a plaintiff must prove that the defamation caused damages. *N. Ind. Pub. Serv. Co. v. Dabagia*, 721 N.E.2d 294, 303 (Ind. Ct. App. 1999) (holding that racial slur must be defamation per quod rather per se, and the plaintiff bears the burden of proving damages, like lost wages). Defendant Patel's statement, albeit unpleasant, was not defamation. First, no facts in the record show Defendant Patel said this remark to anyone but Plaintiff, so the publication requirement has not been met. Next, Plaintiff has

---

[4] "'Dwelling' means any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof." 42 U.S.C. § 3602(b).

shown no evidence connecting this statement to damages or even his being asked to leave Comfort Inn and Suites, as the evidence shows that he was asked to leave because he was not paying for his room. Therefore, Plaintiff cannot recover on Count 7.

### H. Count 8

To establish a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must show that the defendant engaged in extreme and outrageous conduct that intentionally or recklessly caused severe emotional damage to another. *Miller v. Cent. Ind. Cmty. Found., Inc.*, 11 N.E.3d 944, 959 (Ind. Ct. App. 2014). Plaintiff claims that all Defendants intentionally inflicted emotional distress upon him. [DE 34 at 11]. However, merely using the words "extreme and outrageous conduct," without providing specificity, does not meet the requirements to prove an IIED claim. *McCollough v. Noblesville Schs.*, 63 N.E.3d 334, 342 (Ind. Ct. Appt. 2016). In *McCollough*, the Indiana Court of Appeals reiterated that a defendant's intent to harm the plaintiff emotionally must be demonstrated. *McCollough*, 63 N.E.3d at 342. Plaintiff has failed to show that any action done by any defendant was outrageous or done to intentionally cause him harm.

### *Conclusion*

Consequently, Plaintiff cannot recover against any defendant for the claims submitted in his amended complaint [DE 34]. It should be noted that even if they did violate Plaintiff's rights, Defendant Hammer and the Porter Defendants cannot be held liable because they are entitled to qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Government officials are entitled to qualified immunity if their conduct aligned with what a reasonable person would believe to be lawful behavior. *Id.* at 818. Plaintiff did not show that Defendant Hammer or the Porter Defendants acted incompetently or in blatant violation of the law. *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Purtell v. Mason*, 527 F.3d 615, 621 (7th Cir. 2008). The Porter police officers arrived at Comfort

Inn and Suites and were advised that Plaintiff would not willingly leave his hotel room and had not paid anything towards his bill. [Def. Ex. A at 01:12-01:20]. Defendant Allen called Defendant Hammer who advised that there was no eviction protection for a hotel guest not paying his bill. [Def. Ex. A at 17:20-19:34]. Consequently, Defendant Allen peacefully asked Plaintiff to leave and allowed Plaintiff to make multiple trips to transport his belongings over a couple hours. [Def. Ex. A at 26:57-29:54].

Thus, after construing all facts in the light most favorable to Plaintiff Shedrick Bowes-Northern and drawing all reasonable inferences in his favor, the court finds that all Defendants have met their burden on summary judgment.

Based on the foregoing reasons, the defendants' motions for summary judgment [DE 135; DE 141; DE 159] are **GRANTED**. All remaining motions [DE 129; DE 131; DE 132; DE 149; DE 151; DE 153; DE 168; DE 169; DE 175; DE 176] are **DENIED AS MOOT**. This matter is **DISMISSED**.

ENTERED this 6th day of February, 2025.

/s/ Andrew P. Rodovich
United States Magistrate Judge

11